# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:16-cr-92-CEH-SPF

BILLER MINA-PALACIOS
_____

## ORDER

This matter comes before the Court on Defendant Biller Mina-Palacios' Motion to Request the Government File Rule 35(b)(1) [Motion] (Doc. 197), and the Government's response in opposition (Doc. 199). Proceeding *pro se*, Mina-Palacios asks the Court to compel the Government to file a Rule 35 motion to reduce his sentence in return for his cooperation.

Upon review and consideration, the Court concludes Mina-Palacio's motion is due to be denied.

## DISCUSSION

On July 17, 2018, Mina-Palacios was sentenced to a term of 151 months' imprisonment upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel. Doc. 94. Although the Court found that the sentencing guidelines' range for Mina-Palacios' sentence was 188-235 months, it granted a downward variance "to avoid unwarranted sentencing disparities among co-defendants, given Mina-Palacios' role in the offense." Doc. 95 at 1, 3. Mina-Palacios is currently serving his term of imprisonment.

In his motion, Mina-Palacios explains that, after he was sentenced, he agreed to cooperate in exchange for the Government filing a Rule 35 motion to reduce his sentence. Doc. 197 at 1. He then provided information against his co-defendant, Arturo Leon Rivas. *Id.* Mina-Palacios asserts that Rivas has now been sentenced. *Id.* Accordingly, he requests that the Court compel the Government to complete its part of the bargain and move to reduce his sentence. *Id.* at 1-2.

Responding in opposition, the Government contends that Mina-Palacios has already received the benefit of the cooperation he provided. Doc. 199. The Government directs the Court's attention toward its Statement of Reasons for the imposition of sentence, which checks off a box for "cooperation without government motion for departure" as one of the reasons for the downward variance. *Id.* at 1, citing Doc. 95 at 3. The downward variance lowered Mina-Palacios' sentence by more than three years. *Id.* at 1-2. The Government explains that it does not intend to move to reduce Mina-Palacios' sentence further absent additional cooperation.

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but

>     which did not become useful to the government
>     until more than one year after sentencing; or
>     (C) information the usefulness of which could not
>     reasonably have been anticipated by the defendant
>     until more than one year after sentencing and which
>     was promptly provided to the government after its
>     usefulness was reasonably apparent to the
>     defendant.

Fed. R. Crim. P. 35(b).

In general, the Government has only "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. U.S.*, 504 U.S. 181, 185 (1992). As a result, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. "[J]udicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis omitted). In other words, "'[f]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy" *only* "if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009), quoting *Wade*, 504 U.S. at 185–86.

Here, Mina-Palacios seeks to compel the Government to move to reduce his sentence because he cooperated in the case of his co-defendant, who was sentenced in September 2021. *See* Doc. 190. The Government appears to correctly indicate that Mina-Palacios already received a benefit for some cooperation, although the Court does not opine on whether it was the benefit Mina-Palacios expected or bargained for. However, the decision to file a Rule 35 motion is in the Government's discretion. *See Wade*, 504 U.S at 186. Because he has not made a showing that the Government's refusal to file a Rule 35 motion on his behalf is based on a constitutionally impermissible motive, Mina-Palacios is not entitled to a remedy from the Court. *See Forney*, 9 F.3d at 1502-03. As a result, his motion to compel the Government to file a Rule 35 motion must be denied.

Accordingly, it is **ORDERED**:

1. Defendant Biller Mina-Palacios' Motion to Request the Government File Rule 35(b)(1) [Motion] (Doc. 197) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4